# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Joseph A. Dickson |
| v. | : Magistrate No. 20-8296 (JAD) |
| CARLA YESENIA BORJAS-RAMOS, a/k/a "Carla Yesenia Borjas-Ramos" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 13th day of August, 2020 in the District of New Jersey.

HONORABLE JOSEPH A. DICKSON
UNITED STATES MAGISTRATE JUDGE          Signature of Judicial Officer

## ATTACHMENT A

On a date on or after January 29, 2016, and on or before December 6, 2019, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

CARLA YESENIA BORJAS-RAMOS,
a/k/a "Carla Yesenia Borjas-Ramos,"

being an alien, and on or about May 16, 2012, having been convicted in the United States District Court for the Eastern District of Texas (Sherman), of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or more of Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), an aggravated felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, CARLA YESENIA BORJAS-RAMOS, a/k/a "Carla Yesenia Borjas-Ramos," (the "Defendant"), is a citizen of Honduras, and she neither is a citizen nor a national of the United States.

2. On or about October 19, 2011, the Defendant was arrested by law enforcement officers in the Eastern District of Texas (Sherman), for Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or more of Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

3. On or about May 16, 2012, the Defendant pled guilty in the United States District Court for the Eastern District of Texas (Sherman), for Conspiracy to Distribute and Possession with Intent to Distribute 500 Grams or more of Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), and was subsequently sentenced to fifty-seven months' imprisonment, the circumstance of which offense constitute an aggravated felony under 8 U.S.C. 1101(a)(43)(B).

4. Thereafter, on or about January 7, 2016, the Defendant was ordered removed from the United States to Honduras by an immigration officer pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act.

5. On or about January 29, 2016, the Defendant was removed from the United States to Honduras. Shortly before her removal from the United States on or about January 29, 2016, the Defendant was given notice that she was prohibited from entering the United States at any time, and an official from the ICE took a fingerprint from the Defendant.

6. At some point after her January 29, 2016 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about December 7, 2019, the Defendant was arrested by the New Jersey State Police in Hudson County, New Jersey, for committing various

drug related offenses, including but not limited to, Manufacturing, Distributing or Possessing a Controlled Dangerous Substance, namely Heroin, in violation of Section 2C:35-5(b)(1) of the New Jersey Code of Criminal Justice. Those charges are presently pending.

8. On or about December 9, 2019, the Defendant was encountered by immigration officers and immigration detainer was lodged against her.

9. A fingerprint taken from the Defendant pursuant to her 2012 arrest for Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or more of Cocaine were compared to her January 29, 2016, deportation record and the December 6, 2019, fingerprints that were taken after she entered law enforcement's custody. All the fingerprints were found to be identical.

10. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.